UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JACK WOLF, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CNX MIDSTREAM PARTNERS LP, NICHOLAS J. DELULIIS, RAYMOND T. BETLER, CHAD A. GRIFFITH, JOHN E. JACKSON, JOHN A. MAHER, DONALD W. RUSH, HAYLEY F. SCOTT, CNX RESOURCES CORPORATION, CNX RESOURCES HOLDINGS LLC, and CNX MIDSTREAM GP LLC,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 27, 2020 (the "Proposed Transaction"), pursuant to which CNX Midstream Partners LP ("CNX Midstream" or the "Partnership") and CNX Midstream GP LLC, the general partner of the Partnership (the "General Partner"), will be acquired by CNX Resources Corporation ("Parent") and CNX Resources Holdings LLC ("Merger Sub," and together with Parent, "CNX Resources").

2. On July 26, 2020, the Board of Directors (the "Board" or "Individual Defendants") caused the Partnership to enter into an agreement and plan of merger (the "Merger Agreement") with the General Partner and CNX Resources. Pursuant to the terms of the Merger Agreement,

CNX Midstream's unitholders will receive 0.88 shares of Parent common stock for each common unit of CNX Midstream they own.

3. On August 28, 2020, defendants filed a prospectus (the "Prospectus") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Prospectus omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of CNX Resources common units.

9. Defendant CNX Midstream is a Delaware limited partnership and maintains its principal executive offices at 1000 CONSOL Energy Drive, Canonsburg, Pennsylvania 15317. CNX Midstream's common units are traded on the New York Stock Exchange under the ticker symbol "CNXM."

10. Defendant Nicholas J. Deluliis ("Deluliis") is Chief Executive Officer ("CEO") and Chairman of the Board of the General Partner. Deluliis also serves as the President, CEO, and a director of Parent.

11. Defendant Raymond T. Betler is a director of the General Partner.

12. Defendant Chad A. Griffith ("Griffith") is President, Chief Operating Officer ("COO"), and a director of the General Partner. Griffith also serves as COO of Parent.

13. Defendant John E. Jackson is a director of the General Partner.

14. Defendant John A. Maher is a director of the General Partner.

15. Defendant Donald W. Rush ("Rush") is Chief Financial Officer ("CFO") and a director of the General Partner. Rush also serves as CFO of Parent.

16. Defendant Hayley F. Scott ("Scott") is a director of the General Partner. Scott also serves as Vice President, Financial Planning and Analysis of Parent.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant General Partner is a Delaware limited liability company, the general parent of the Partnership, and a party to the Merger Agreement.

19. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20. Defendant Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## **CLASS ACTION ALLEGATIONS**

21.     Plaintiff brings this action as a class action on behalf of himself and the other public unitholders of CNX Midstream (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.     This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable. As of July 24, 2020, there were approximately 89,799,224 common units of CNX Midstream outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on

behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Partnership and the Proposed Transaction*

28. CNX Midstream is a master limited partnership that owns, operates, develops, and acquires gathering and other midstream energy assets to service natural gas production in the Appalachian Basin in Pennsylvania and West Virginia.

29. The Partnership's assets include natural gas gathering pipelines and compression and dehydration facilities, as well as condensate gathering, collection, separation, and stabilization facilities.

30. On July 26, 2020, the Board caused the Partnership to enter into the Merger Agreement.

31. Pursuant to the terms of the Merger Agreement, CNX Midstream's unitholders will receive 0.88 shares of Parent common stock for each unit of CNX Midstream they own.

32. According to the press release announcing the Proposed Transaction:

CNX Resources Corporation (NYSE: CNX) ("CNX") and CNX Midstream Partners LP (NYSE: CNXM) ("CNX Midstream" or the "Partnership") today announced that they have entered into a definitive merger agreement pursuant to which CNX will acquire all of the outstanding common units of CNX Midstream that it does not already own in exchange for CNX common stock valued at approximately $357 million, based on the most recent closing price of CNX common stock.

Under the merger agreement, each outstanding common unit of CNX Midstream that CNX does not already own will be converted into 0.88 shares of CNX common stock, representing a 15% premium to the average exchange ratio during the 30 trading days ended July 24, 2020. . . .

Additional Transaction Terms and Details

Pursuant to the terms of the merger agreement, CNX will acquire all of the approximately 42.1 million outstanding common units of CNX Midstream that it does not already own at a fixed exchange ratio of 0.88 shares of CNX common

stock for each publicly held common unit of CNX Midstream. CNX Midstream common units will no longer be publicly traded after the transaction. In aggregate, CNX will issue approximately 37 million shares in connection with the proposed transaction, representing approximately 17 percent of the total shares outstanding of the pro forma combined entity.

Following completion of the transaction, all senior notes of CNX Midstream will remain outstanding and no additional payments will be made to CNX in connection with the elimination of the incentive distribution rights transaction from January of this year. The transaction terms were negotiated, reviewed and approved by the Conflicts Committee of the CNXM Board and approved by the CNXM Board. The CNX Midstream Conflicts Committee is composed of the independent members of the CNXM Board. The Board of Directors of CNX also approved the merger agreement.

Conditions to Closing

Subject to customary approvals and conditions, the transaction is expected to close in the fourth quarter of 2020. The transaction is subject to majority approval by CNX Midstream common unitholders and the effectiveness of a Prospectus related to the issuance of the new CNX shares to CNX Midstream's unitholders. Pursuant to a support agreement entered into in connection with the transaction, CNX has agreed to vote the CNXM common units that it owns in favor of the transaction. CNX currently owns approximately 53.1% of the outstanding common units.

Advisors

Citi is acting as exclusive financial advisor and Latham & Watkins LLP is acting as legal advisor to CNX. Intrepid Partners, LLC is acting as exclusive financial advisor and Baker Botts L.L.P. is acting as legal advisor to the Conflicts Committee of the CNXM Board.

***The Prospectus Omits Material Information, Rendering It False and Misleading***

33.   Defendants filed the Prospectus with the SEC in connection with the Proposed Transaction.

34.   As set forth below, the Prospectus omits material information.

35.   First, the Prospectus omits material information regarding the Partnership's and CNX Resources' financial projections.

36. With respect to the Partnership's financial projections, the Prospectus fails to disclose, for each set of projections: (i) all line items used to calculate Adjusted EBITDA, distributable cash flow, and levered free cash flow; (ii) proposed net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

37. With respect to CNX Resources' financial projections, the Prospectus fails to disclose, for each set of projections: (i) all line items used to calculate EBITDAX, levered free cash flow, and levered free cash flow plus proportionate interest in CNXM levered free cash flow; (ii) proposed net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

38. Additionally, the Prospectus fails to disclose projected synergies.

39. The disclosure of projected financial information is material because it provides unitholders with a basis to project the future financial performance of a company, and allows unitholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

40. Second, the Prospectus omits material information regarding the analyses performed by the Partnership's financial advisor, Intrepid Partners, LLC ("Intrepid").

41. With respect to Intrepid's Comparable Company Trading Analyses, the Prospectus fails to disclose the individual multiples and metrics for the companies observed in the analyses.

42. With respect to Intrepid's Discounted Cash Flow Analyses, the Prospectus fails to disclose: (i) the unlevered free cash flows used in the analyses and all underlying line items; (ii) the terminal values used in the analyses; (iii) the individual inputs and assumptions underlying the weighted average costs of capital ranging from 8.5% to 9.4% and 6.8% to 7.7%; (iv) Intrepid's basis for applying the ranges of terminal EBITDA multiples of 6.0x to 8.0x and 5.0x to 6.5x; (v) the net debt, value of limited partner interests held, and value of aggregate future IDR elimination

payments used in the analyses; and (vi) the number of common units outstanding used in the analyses.

43. With respect to Intrepid's Present Transactions Analysis, the Prospectus fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

44. With respect to Intrepid's Precedent Premiums Paid Analysis, the Prospectus fails to disclose the individual premiums for the transactions observed in the analysis.

45. When a banker's endorsement of the fairness of a transaction is touted to unitholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

46. The omission of the above-referenced material information renders the Prospectus false and misleading.

47. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Partnership's unitholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and CNX Midstream**

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  CNX Midstream is liable as the issuer of these statements.

50. The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Partnership, the Individual Defendants were

aware of this information and their duty to disclose this information in the Prospectus.

51. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

52. The omissions and false and misleading statements in the Prospectus are material in that a reasonable unitholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to unitholders.

53. The Prospectus is an essential link in causing plaintiff and the Partnership's unitholders to approve the Proposed Transaction.

54. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

55. Because of the false and misleading statements in the Prospectus, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and CNX Resources

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants and CNX Resources acted as controlling persons of CNX Midstream within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of CNX Midstream and participation in and/or awareness of the Partnership's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Partnership, including the content and

dissemination of the various statements that plaintiff contends are false and misleading.

58. Each of the Individual Defendants and CNX Resources was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

59. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Partnership, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

60. CNX Resources also had supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

61. By virtue of the foregoing, the Individual Defendants and CNX Resources violated Section 20(a) of the 1934 Act.

62. As set forth above, the Individual Defendants and CNX Resources had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 2, 2020  **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*